IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TINA SANDERS,<br><br>               Plaintiff,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR GSR 2007-2F; JP MORGAN CHASE BANK, SUCCESSOR BY MERGER TO CHASE HOME FINANCE LLC; MCCALLA RAYMER, LLC; and HEDGEROW COMMUNITY ASSOCIATION, INC.<br><br>               Defendants. | 1:13-cv-3192-WSD |
| TINA SANDERS,<br><br>               Plaintiff,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR GSR 2007-2F; JP MORGAN CHASE BANK, SUCCESSOR BY MERGER TO CHASE HOME FINANCE LLC; MCCALLA RAYMER, LLC; and HEDGEROW COMMUNITY ASSOCIATION, INC.<br><br>               Defendants. | 1:13-cv-3315-WSD |

**OPINION AND ORDER**

This matter is before the Court on the required frivolity review of Plaintiff Tina Sanders's ("Plaintiff") complaints in Case No. 1:13-cv-3192 ("Case 3192") [3] and Case No. 1:13-cv-3315 ("Case 3315") [2] (together, "Complaints").

**I.   BACKGROUND**

On September 25, 2013, Plaintiff submitted an application to proceed *in forma pauperis* ("IFP") in Case 3192, which Magistrate Judge Walter E. Johnson granted. On September 30, 2013, Plaintiff filed an IFP application in Case 3315, which Magistrate Judge Johnson also granted.[1] Because they are identical, the Court considers Plaintiffs' Complaints together.[2]

---

[1]   Plaintiff originally filed her IFP application and Complaint in Case 3315 in the United States District Court for the Southern District of New York. On October 3, 2013, the Southern District of New York *sua sponte* transferred that action to this Court based on improper venue, pursuant to 28 U.S.C. § 1406(a).

[2]   Plaintiff has a lengthy history of challenging the validity of her mortgage debt, and seeking to delay foreclosure of the Property, at issue in her Complaints. Plaintiff has filed at least four bankruptcy cases in the Northern District of Georgia since obtaining her mortgage: (i) No. 08-50078, filed October 6, 2008, and discharged May 4, 2009; (ii) No. 10-89227, filed October 1, 2010, and dismissed December 29, 2010, for failure to pay the filing fee; (iii) No. 11-55668, filed February 25, 2011, and dismissed June 16, 2011, for failure to file required financial information and failure to attend meeting of creditors; and (iv) No. 12-55493, filed March 2, 2012, dismissed with prejudice August 16, 2012 for willful failure to prosecute, and appeal denied on July 9, 2013. In connection with her third bankruptcy case, Plaintiff also filed an adversary action against Chase and U.S. Bank challenging their standing to foreclose on the Property and the validity of her mortgage debt. Sanders v. Chase, et al.,

2

On November 15, 2005, Plaintiff obtained a loan in the amount of $449,100 and executed in favor of JP Morgan Chase Bank, N.A. ("Chase") a security deed to real property located at 2540 Sable Ridge Court, Buford, Georgia (the "Property"). (Compl. ¶¶ 8-9).

Plaintiff alleges that "[f]rom the date of purchase until December 2010 Plaintiff made ever[y] monthly payment as required by the loan documents." (Id. ¶ 11).[3]  At some point, Plaintiff received a letter from Chase stating that she had defaulted on her mortgage payments. (Id. ¶ 12). Plaintiff asserts that she provided proof of payment, as Chase requested, but Chase "made no effort to substantiate Plaintiff's claims." (Id. ¶ 16).

---

No. 11-5321-JB (Bankr. N.D. Ga. 2011) (filed June 13, 2011, and dismissed September 13, 2011, because underlying bankruptcy case was dismissed). In appealing the dismissal of her most recent bankruptcy case, Plaintiff moved to stay foreclosure pending the outcome of her appeal and stated that her petition "was filed for protection from JPMorgan Chase to stop her [sic] foreclosure and to allow a Modification to go thru [sic]." Sanders v. Townson, No. 1:12-cv-3304, Docs. 5, 15 at 3 (N.D. Ga. 2012). On July 9, 2013, the Court dismissed Sanders's appeal including because it found that her appeal and multiple bankruptcy cases were filed for the purpose of delaying foreclosure and that her conduct constituted an abuse of the bankruptcy system. Id. at Doc. 17.

[3]  The Court notes that Plaintiff's allegations regarding her payment history are undercut by her statements in her bankruptcy cases that, on October 22, 2008, she owed $30,000, and on June 11, 2012, she owed $100,000, in arrears on her mortgage. In re Sanders, No. 08-80078, Doc. 10 at 14 (Bankr. N.D. Ga. Oct. 22, 2008); In re Sanders, No. 12-55493, Doc. 28 at 5 (Bankr. N.D. Ga. June 11, 2012).

In January 2011, Plaintiff alleges, Chase began refusing to accept her loan payments "due to the default status of the loan." (Id. ¶ 17).

In October 2012, McCalla Raymer, LLC ("McCalla Raymer") sent Plaintiff a letter indicating that a foreclosure sale of the Property was scheduled for the first Tuesday of November, 2012. (Id. ¶ 18). Plaintiff asserts that she did not receive any other communications from Chase or McCalla Raymer and that they "failed to send Proper Notice of the alleged debt and failed to validate the debt as requested by the Plaintiff." (Id. ¶ 19).

In September 2013, "without any prior notice, or demand for payment, a real property foreclosure action was filed against Plaintiff, titled U.S. BANK NATIONAL ASSOCIATION as TRUSTEE FOR GSR 2007-2F." (Id. ¶ 20).

Plaintiff, proceeding *pro se*, asserts claims for breach of contract, negligence, gross negligence, violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., and "fraudulent assignments of mortgage – void" against Chase, U.S. Bank National Association as Trustee for GSR 2007-2F ("U.S. Bank"), McCalla Raymer and Hedgerow Community Association, Inc. (collectively, "Defendants"). Plaintiff seeks injunctive relief to prevent Defendants "from further dispersing and damaging [Plaintiff's] private

property," rescission of her mortgage, quiet title to the Property and damages in the amount of $14,000,000.

## II. DISCUSSION

### A. Legal Standard

A court must dismiss a complaint filed *in forma pauperis* if at any time the court determines the action is frivolous or malicious or that it fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). "Failure to state a claim under [Section] 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6)." Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Review for frivolousness, on the other hand, "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but

also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" See Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).  A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (quoting Neitzke, 490 U.S. at 327).

Plaintiff filed her Complaints *pro se*.  "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted).  Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure.  See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005).  "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007).  "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

B.  Analysis

1.  Breach of Contract

Under Georgia law, "[t]he essential elements of a breach of contract claim are (1) a valid contract; (2) material breach of its terms; and (3) damages arising therefrom." TDS Healthcare Sys. Corp. v. Humana Hosp. Illinois, Inc., 880 F. Supp. 1572, 1583 (N.D. Ga. 1995). A plaintiff asserting a breach of contract claim must allege a particular contractual provision that the defendants violated to survive a motion to dismiss. See Am. Casual Dining, L.P. v. Moe's Southwest Grill, L.L.C., 426 F. Supp. 2d 1356, 1370 (N.D. Ga. 2006) (citing Adkins v. Cagle Foods JV, LLC, 441 F.3d 1320, 1327 (11th Cir. 2005)).

Plaintiff asserts that Chase, McCalla Raymer and U.S. Bank breached their duties under Plaintiff's "loan documents" by failing to credit Plaintiff's payments; failing to correct their accounting mistakes; reporting false information to the credit bureaus; attempting to foreclose on the Property "without a legal basis;" and breaching their duty of good faith and fair dealing. (Compl. ¶ 23). Plaintiff does not identify any contract she entered into with McCalla Raymer or U.S. Bank, or what contractual provision of her "loan documents" Defendants allegedly breached. Plaintiff fails to allege facts sufficient to support a claim for breach of contract and this claim is dismissed. See Am. Casual Dining, 426 F. Supp. 2d at

1370 ("Because [plaintiff] cannot point to any contractual provision that [defendant] breached . . . [plaintiff] cannot state a claim for breach of contract based on these allegations."); Morrell v. Wellstar Health Sys., Inc., 633 S.E.2d 68, 72 (Ga. Ct. App. 2006) (no independent cause of action for violation of the duty of good faith and fair dealing apart from breach of an express term of the contract).

      2.      Negligence and Gross Negligence

To support a claim for negligence in Georgia, a plaintiff must allege:

> (1) a legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the duty.

Burch v. Chase Manhattan Mortg. Corp., No. 1:07-cv-0121-JOF, 2008 WL 4265180, at *15 (N.D. Ga. Sept. 15, 2008) (quoting Bradley Ctr., Inc. v. Wessner, 296 S.E.2d 693, 695 (Ga. 1982)).  However, "[a] defendant's mere negligent performance of a contractual duty does not create a tort cause of action; rather, a defendant's breach of a contract may give rise to a tort cause of action only if the defendant has also breached an independent duty created by statute or common law."  Fielbon Dev. Co. v. Colony Bank of Houston Cnty., 660 S.E.2d 801, 808 (Ga. Ct. App. 2008).  Georgia law is clear that "[a]bsent a legal duty beyond the contract, no action in tort may lie upon an alleged breach of [a]

contractual duty."  Id. (quoting Wallace v. State Farm Fire & Cas. Co., 539 S.E.2d 509, 512 (Ga. Ct. App. 2000)); see also Doty Comm'n, Inc. v. L.M. Berry & Co., 417 F. Supp. 2d 1355, 1358 (N.D. Ga. 2006) (breach of obligations imposed by contract does not give rise to claim for gross negligence absent breach of an independent duty created by statute or common law).

Plaintiff asserts that Defendants owed Plaintiff a duty of care as her loan servicer, and that Chase and U.S. Bank breached their duty by failing to credit Plaintiff's payments; failing to correct their accounting mistakes; reporting false information to the credit bureaus; attempting to foreclose on the Property "without a legal basis;" and breaching their duty of good faith and fair dealing.  (Compl. ¶¶ 26-27, 31-32).  Any duty related to the servicing of Plaintiff's loan arises from the loan transaction Plaintiff entered into with Chase, and which duties Defendants assumed when they allegedly became Plaintiff's loan servicer.  Plaintiff fails to allege that Defendants breached any duty owed to her independent of Plaintiff's loan documents and her claims for negligence and gross negligence are dismissed.

### 3. Violation of RESPA

RESPA requires a loan servicer to provide a written response acknowledging receipt of a borrower's Qualified Written Request ("QWR") within 20 days, and to take any necessary action within 60 days, excluding legal public

holidays, Saturdays and Sundays.  <u>See</u> 12 U.S.C. § 2605(e).  Plaintiff's RESPA claim consists of three sentences: one which simply incorporates the 35 preceding paragraphs, and the other two which assert that "Plaintiff's inquiries constitute 'qualified written requests' under [RESPA]," and that Chase's failure to respond to her requests entitles Plaintiff to actual damages.  (Compl. ¶¶ 38-39).  Plaintiff fails to identify the date or content of her alleged "inquiries" and her conclusory assertions are not sufficient to support a claim for violation of RESPA.  "[P]laintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims."  <u>Jackson</u>, 372 F.3d at 1263.  Plaintiff's claim under RESPA is dismissed.

        4.     <u>"Fraudulent Assignments of Mortgage – Void"</u>

Plaintiff next argues that Defendants used fraudulent and forged assignments of loan documents to foreclose on the Property.  Plaintiff relies on a 2011 lawsuit filed by a purported "white-collar fraud specialist" which alleges that Chase and U.S. Bank "resorted to fake documents because they could not legally establish true ownership of the loans when trying to foreclose." (Compl. ¶ 41).  Plaintiff does not allege that she was a party to that action or how it is related to Plaintiff's claims here.  Plaintiff fails to identify any allegedly fraudulent or forged assignment of her mortgage or specify the purported defect in the assignment.

Even if she did, Plaintiff lacks standing to challenge the validity of an assignment by Chase to a third party of Chase's interest in and rights under Plaintiff's mortgage.  See Montgomery v. Bank of Am., 740 S.E.2d 434, 436 (Ga. Ct. App. 2013) (because assignment of security deed was contractual, plaintiff lacked standing to contest its validity because he was not a party to the assignment) (citing O.C.G.A. § 9-2-20(a), which provides that an action based on a contract can be brought only by a party to the contract); Edward v. BAC Home Loans Serv., L.P., No. 12-15487, 2013 WL 4400102, at *2 (11th Cir. Aug. 16, 2013) (citing Montgomery).  Plaintiff has not, and cannot, assert a viable claim based on perceived defects in an unspecified assignment of her mortgage and this claim is required to be dismissed.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Case No. 1:13-cv-3192 and Case No. 1:13-cv-3315 are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

**SO ORDERED** this 19th day of November, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE